**KENNEDY v. HOLLAND et al.**

No. 12631.

Court of Civil Appeals of Texas.

Galveston.

March 25, 1954.

Rehearing Denied April 29, 1954.

Irving G. Mulitz, Frank F. Spata, Houston, for appellant.

Bracewell & Tunks, Joe H. Reynolds, Houston, for appellee J. S. Bracewell.

Charles W. Austin, Houston, for appellee Marguerite Halporn.

Joe Mayer, Los Angeles, Cal., for Josephine Helen Holland.

GRAVES, Justice.

This appeal by the appellant, administratrix, in her official capacity as such, against the appellees, is from a judgment of the 80th District Court of Harris County, Honorable G. P. Hardy, Jr., Judge presiding, peremptorily instructing the jury to return a verdict in this cause in favor of the appellees and against the appellant, which was duly done and the court's judgment herein entered against appellant as prayed for by the appellees.

The undisputed evidence showed that a judgment was obtained against E. V. Kennedy and another by Maybelle Snyder o₁.

June 27, 1933, in a District Court of Dallas County, and that appellee Mrs. Holland became the assignee thereof, and that said judgment was duly kept alive, and presented as a claim to the administratrix of E. V. Kennedy, deceased, duly sworn to as being just, and that all legal offsets, payments and credits known to the affiant, Charles W. Austin, had been duly allowed, etc. The evidence further showed that attorney J. S. Bracewell and the widow of attorney N. B. Halporn each owned an interest in said judgment. And it further appears that the appellees agreed upon the record that Mrs. Holland owned 55% and said Bracewell and Mrs. Halporn owned 45% of the judgment which was the subject matter of the claim aforesaid so presented to the administratrix of E. V. Kennedy, deceased, wherefore the court directed a verdict and rendered judgment, which, so far as is here material, provides:

"It is therefore Ordered, Adjudged and Decreed by the Court that the judgment secured by Maybelle Snyder against W. C. Wadsworth and E. V. Kennedy in Cause Number 97,912 in the 68th Judicial District Court of Dallas, Texas, dated June 27, 1933, is a valid subsisting claim, obligation and debt against the estate of E. V. Kennedy, and it is therefore Ordered, Adjudged, and Decreed that said claim and debt be established against said estate in the amount of Nine Thousand Five Hundred and No/100 ($9,500) Dollars together with interest thereon at Six (6) percent per annum from June 27, 1933, until the date of this judgment and the parties herein, having stipulated that the respective interest in said judgment shall be proportioned Fifty-five (55) percent to Plaintiff, Josephine Helen Holland, and Forty-five (45) percent to J. S. Bracewell and Mrs. N. B. Halporn; it is therefore accordingly Ordered, Adjudged, and Decreed by the court that said judgment and recovery be and it is hereby proportioned Fifty-five (55) percent to Plaintiff, Josephine Helen Holland, and Forty-five (45) percent to J. S. Bracewell and Mrs. N. B. Halpron, jointly; that this judgment bear interest at the rate of Six (6) percent per annum until paid; that Plaintiff and co-Plaintiffs recover their costs, and for all of which let execution issue on behalf of Plaintiff and co-Plaintiffs; and it is further Ordered, Adjudged, and Decreed that the hereinabove judgment be certified to the Probate Court of Harris County, Texas, for observance; and the Clerk of this Court is ordered to transmit to the Clerk of said Court a certified copy hereof; * * *."

The administratrix alone has appealed.

It is held that none of the points presented here by the appellant have any standing before this Court, since it is held that the record so shows that appellant was not entitled, as a matter of law, to any judgment, nor did she present any evidence raising any issues of fact which should have been submitted to the jury; indeed, since the valid and binding judgment of the Dallas court was introduced in evidence upon this trial, as such claim as is hereinabove indicated, and since there was not in the appellant's pleadings or in her tendered testimony, any proof tending to show that any offsets or credits upon the amount claimed by the appellees to be due at the time of this trial on the judgment so rendered at Dallas, the court below in this trial was clearly warranted in assuming that the Dallas court's judgment and the amount then due under it was so determinable by the trial court at the time it rendered this appealed-from judgment without deductions.

It would be going beyond the requirements to undertake a review of the many authorities cited and relied upon by the appellant. Since in this court's opinion, and under the recitations already given, none of them were based upon the legal equivalent of the facts so necessarily governing this cause. These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.